# COMPLAINT BY A PRISONER UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983

Name: __Sutton__  __Karim/__
     (Last)           (First)   (Middle Initial)

Prisoner Number: __# J-71244__

Institutional Address: __SATF/Corcoran State Prison__
__Box 5264, Corcoran, Ca 93212__

---

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

__Karim/ Sutton__
(Enter your full name.) Plaintiff

vs.

__M. Miessner, Correctional Officer,__
__N. Muzman Correctional Officer,__
__John Doe #1, #2, #3 Correctional Officers__
(Enter the full name(s) of the defendant(s) in this action.)
__Defendant's et, al;__

Case No. __CV16 5448__
(Provided by the clerk upon filing)

**COMPLAINT UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983**

(PR)

## I. Exhaustion of Administrative Remedies.

*Note:* You must exhaust available administrative remedies before your claim can go forward. The court will dismiss any unexhausted claims.

A. Place of present confinement __P.O. Box 5264 Corcoran, Ca 93212__

B. Is there a grievance procedure in this institution?   YES ☑   NO ☐

C. If so, did you present the facts in your complaint for review through the grievance procedure?   YES ☐   NO ☑

D. If your answer is YES, list the appeal number and the date and result of the appeal at each level of review. If you did not pursue any available level of appeal, explain why.

   1. Informal appeal: __Found not guilty on Rule Violation Report, 10,000,000 dollars not available at State Administrative Level of Remedies__

PRISONER COMPLAINT (rev. 8/2015)
Page 1 of 3

2. First formal level: *First Level Bypass* File on March 26, 2015, accepted by and assigned to D. Clark CCII May 15, 2015, date due 6-29-15, Date Mail to Plaintiff May 18, 2015. 'Second level.

3. Second formal level: File on June 23, 2015, to the third level, Second level granted in part as to the Staff Misconduct.

4. Third formal level: Third level screen out. 'duty time restraints, But the Misconduct complaint move forward to the hiring authority Office of Internal Affairs

E. Is the last level to which you appealed the highest level of appeal available to you?

   YES ☑   NO ☐

F. If you did not present your claim for review through the grievance procedure, explain why.

   N/A

## II. Parties.

A. Write your name and present address. Do the same for additional plaintiffs, if any.

   Karim/ Sutton, #J-71244, SATF/Corcoran State Prison, P.O. Box 5264 Cell-C3-122L

B. For each defendant, provide full name, official position and place of employment.

   (See attached pages 2-4)

PRISONER COMPLAINT (rev. 8/2015)
Page 2 of 3

## III. Statement of Claim.

State briefly the facts of your case. Be sure to describe how each defendant is involved and to include dates, when possible. Do not give any legal arguments or cite any cases or statutes. If you have more than one claim, each claim should be set forth in a separate numbered paragraph.

(See attached page at 4-13)

## IV. Relief.

Your complaint must include a request for specific relief. State briefly exactly what you want the court to do for you. Do not make legal arguments and do not cite any cases or statutes.

(See attached pages 13-15)

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed on: September 6, 2016                    [Signature]
                    Date                              Signature of Plaintiff

PRISONER COMPLAINT (rev. 8/2015)
Page 3 of 3

1
2
3  List, by name and citation only, any cases that you think are close factually to yours so that they
4  are an example of the error you believe occurred in your case. Do not discuss the holding or
5  reasoning of these cases: _Hudson Rule, Hudson v. McMillan_
6  _503 U.S. 1 (1992); Furance, 705 F.3d at 1027; Clement,_
7  _298 F.3d at 903; Koch, 96 F.3d at 1305; Covington, 123_
8  _F. App'x at 741_
9  Do you have an attorney for this petition?........................................................... YES  (NO)
10  If you do, give the name and address of your attorney: _____
11  _____
12
13  WHEREFORE, petitioner prays that the court grant him/her the relief to which he/she may be
14  entitled in this action. I verify under penalty of perjury that the foregoing is true and correct.
15  Executed on:
16     September 6, 2016                    [signature]
17           Date                              Signature of Petitioner

## I Introduction

1. Plaintiff a State Prisoner proceeding Pro Se pursue civil rights Action to 42 U.S.C. Section 1983 Complaint for Monetary Damages against said Defendants for Excessive-use-of-force, and Deliberate Indifference by Prison Officials were aware of Substantial Risk of Serious harm to Plaintiff's health and Safety violates the Eighth Amendment Proscription against Cruel and unusual Punishment of the Federal Constitution, in the instant Cause of action; Under the Color of State Law.

## II Jurisdiction

2. This case is brought pursuant to 42 U.S.C. Section 1983. Therefore, this Court has jurisdiction pursuant to 28 U.S.C. Section 1331. Venue is proper pursuant to 28 U.S.C. Section 1391.

## III  Parties

3. Plaintiff, Karimi Sutton, is a prisoner of the State of California presently incarcerated at SATF/Corcoran State Prison and was incarcerated at High Desert State Prison at part time relevant to this action.

4. Defendant A. Hiessner is a Correctional Officer at High Desert State Prison held that position at the time mention herein, and is responsible for the health and safety, and responsibility for the care, custody, treatment, disciplinary reporting, discipline of all prisoner's on his watch confined therein vested in as a Department of Correction of Rehabilitation.

5. Defendant N. Hueman is a Correctional Officer at High Desert State Prison held that position at the time mention herein, and is responsible for the health and safety, and responsibility for the care, custody, treatment, disciplinary reporting, discipline of all prisoner's on his watch confined therein vested in as a Department of Correction of Rehabilitation.

5. Defendant Sergeant John Doe #1 is a Correctional Officer at High Desert State Prison held that position at the time mention herein, and is responsible for the supervision, management and control of all inmates on his watch, and responsibility for the care, custody, treatment, disciplinary report reviewer, and discipline of all prisoner's confined therein vested in as a Department of Correction of Rehabilitation;

6. Defendant John Doe #2 is a Correctional Officer at High Desert State Prison held that position at the time mention herein, and is responsible for the health and safety, and responsibility for the care, custody, treatment, disciplinary reporting, discipline of all prisoner's on his watch confined therein vested in as a Department of Correction of Rehabilitation.

7. Defendant John Doe #3 is a Correctional Officer at High Desert State Prison held that position at the time mention herein, and is responsible for the health and safety, and responsibility for the care, custody, treatment, disciplinary reporting, discipline of all prisoner's on his watch confined therein vested in as a Department of Correction of Rehabilitation.

3.

8. Defendant John Doe #4 is a Correctional Officer at High Desert State Prison held that position at the time mention herein, and is responsible for the health and safety, and responsibility for the care, custody, treatment, disciplinary reporting, discipline of all prisoners on his watch confined therein vested in as a Department of Correction of Rehabilitation

## IV    Statement of Claim

9. On Tuesday, March 3, 2015, at approximately 0905 hours Plaintiff was coming from seeing Plaintiff clinician when Defendant M. Miessner told Plaintiff to come here which I [Plaintiff] did, Defendant M. Miessner then told Plaintiff that he [M. Miessner] was taken my [Plaintiff] shoes and for Plaintiff to go to the laundry room and get some state issued boots. Plaintiff told defendant that Plaintiff have a chrono for my shoes/brace and how painful it is for Plaintiff to wear state boots. Plaintiff also informed defendant M. Miessner of all Plaintiff's medical needs that are serious. By this time three (3) more Correctional Officer's and a Correctional

4.

Sergeant had joined in and no one was really trying to hear anything Plaintiff was trying to explain about Plaintiff's serious medical needs.

10.) Plaintiff time an again informed the defendants Plaintiff would be in too much pain to put on shoes but that's why Plaintiff's physician had prescribed special orthotics shoes for Plaintiff's serious medical needs, an if Plaintiff had to go to administrative segregation for not giving up the medical prescribed shoes, then Plaintiff would, to have a opportunity to explain the matter to the warden because none of the defendants was not trying to listen to reason. Plaintiff thereafter was order by the defendant A. Hiessnerr to turn around an be hand-cuffed to be transported to administrative segregation as he was told by the defendants. Instead they the defendants took Plaintiff to the Program office. When the defendants walked Plaintiff into the program office, all the defendants told Plaintiff that he would have to wrap both of my legs around the front end of the chair.

11.) Plaintiff made it will know to each defendants that due to the fact that Plaintiff is walking with a cane an brace for Plaintiff's mobility impaced, vest on, put each defendant as reasonable

5.

state actor's as aware of the substantial risk of harm to Plaintiff, if the defendants force Plaintiff to wrap both of my (Plaintiff's) legs around the chair, Plaintiff was in position of a cane and leg brace on, with prescribed special orthotics; shoes, when the defendants was demanding that Plaintiff do the impossible due to Plaintiff's disability, which show the defendants deliberate indifference to Plaintiff's serious medical needs.

12.) Instead of the defendant's stopping an refering to the medical department two doors away from which Plaintiff was being restrained; If the concern was in fact reasonable of obtaining the truth of the matter by clarification by medical with the push of a [key]. Rule of law is to contains the facts first before the use-of-force, where there is non-existent to result in the excessive-use-of-force.

As a result of the matter Plaintiff was truthful and the defendants are liability.

13.) Instead of just escorting Plaintiff down to the Medical department on the facility grounds two doors away, all the defendants simultaneously grabbed Plaintiff's left leg bending it back trying to remove Plaintiff's orthotics tennis shoes.

14.) As defendant H. Miessner was trying to remove Plaintiff's orthotics shoes another one of the defendants N. Husman flipped Plaintiff forward over the back of the chair on

6.

Plaintiff's face causing Plaintiff to sustain a gash over Plaintiff's right eye which require Plaintiff to be taken to a outside hospital for medical attention. While Plaintiff was on the ground John Doe's Numbers #2,3,4 was taken hold of Plaintiff left leg and still kept bending it back, while at the same time refusing to hear Plaintiff's plea for the defendants to stop bending Plaintiff's leg back which was causing Plaintiff to suffer in extreme pain by the defendant's excessive-use-of-force in deliberate indifference to Plaintiff's serious medical needs.

15.) The use-of-force was so excessive that something in Plaintiff left leg popped and Plaintiff has been confined to a wheelchair from that day forward.

16.) Plaintiff specifically alleges an Eighth Amendment claim under the Federal Constitution. Claim all defendants were aware of the serious risk to Plaintiff's health and safety by use-of-excessive-force would cause substantial harm to Plaintiff's disability that is well documented.

17.) Plaintiff also specifically alleges that the defendants violated the Eighth Amendment proscription against cruel and unusual punishment.

18.) The evidence show that the Defendants chose to apply force to a subdued disable inmate that was already in restraints before the defendants attacked Plaintiff, under non-exigent circumstances. This imposition of force cause Plaintiff to be confined to a wheelchair. Thereafther Plaintiff returned from the out-side hospital, the defendants an other state actor's made the conscious decision not to take Plaintiff back to his housing unit but instead put Plaintiff out of the transportation van, and put Plaintiff out in the cool on the facility patio and took away Plaintiff's wheelchair and left Plaintiff out on the ground with only a pair of boxer brief's on.

19.) Thereafter, the defendants told Plaintiff that he would have to walk back to his housing unit. When Plaintiff contest the defendant's action in a clear and respectfully manner that it would be to painful for Plaintiff to say and just stand up without the help of someone, and to walk back to the housing unit without the wheelchair would be impossible. Thereinafter, the defendants stated to the Plaintiff "When ya get tried of setting there ya will get up and walk back to your housing unit."

8.

20.) Plaintiff did ask the defendants if his cellie could be call out of the unit to help Plaintiff back to his cell. All the state actor's standing there said no, and left Plaintiff setting out in the cool on the ground for hours, which was cruel and unusual punishment. Due to the fact Plaintiff was no longer in position of his cane which the defendant's also took, and his leg brace along with Plaintiff special orthotics shoes left Plaintiff without any mobility to move.

21.) These acts by the defendants demonstrated deliberate indifference to Plaintiff's serious medical needs, and how much each defendant took equal measure to inflicted unnecessary and wanton pain and suffering upon Plaintiff. The evidence is in the statements made by the defendants through the course of their actions

22.) Therefore the acts by all defendants ultimately turns on whether the force by the defendants by taking away cane, orthotics shoes, and the wheelchair, and Plaintiff's leg brace, Thereafter making Plaintiff to remain on the patio in his boxer's and no were to set but down on the ground in the cool. The question for the trier of fact was the defendants actions

9.

applied in good faith effort to control a exigent manner or was the acts by the defendants maliciously and sadistically in nature or for the purpose of causing Plaintiff serious harm.

23.) After Plaintiff had been setting out on the patio ground for hours, a officer walk by an ask Plaintiff why was he setting out here on the ground with just a pair of boxer briefs on? Plaintiff explain the manner and the officer had Plaintiff taken to the medical clinic to get medical attention but that did not happen. But what did happen instead the same defendants came into the medical clinic an interfer with Plaintiff attempt to receive medical treatment from the LVN to get back to his housing unit. Therefore Plaintiff was left setting in a wheelchair that the officer had gotten to put him in the clinic for hours until the same officer came back in the clinic and saw that the Plaintiff was still setting there. The officer arrange for Plaintiff to be taken back to his housing unit by his cellie.

24.) Plaintiff's condition was not check on until Plaintiff was transfer to SATF/Corcoran State Prison with the help of the

Prison law office. (See Robert A. Borton, Office of Inspector General 2015 special review High Desert State Prison December 2015, at pages 41-42 Case No. #1 of the review.)

25.) Plaintiff on March 27, 2015, appeared before Senior Hearing Officer and was found "not guilty" of violation of CCR section 3005 (d)(1), for the specific act of "Willfully Resisting, Obstructing, obeying a Peace Officer." The preponderance of evidence at the hearing did not substantiate the charge. The specific evidence supporting the finding is as follows:

In the body of the report, authored by Correctional Officer M. Piessner, it states he observed inmate Sutton was wearing shoes that have been deemed contraband. Piessner ordered Sutton to relinquish control of the shoes and they would be sent home or donated. This what led to the charge brought against him. A review of inmate Sutton UHR by medical staff does indicate that inmate Sutton does require the use of special orthotics. Furthermore, the shoes in question from the incident, he was wearing during the hearing. Initially he was given the shoes by custody staff at High Desert State Prison, but later was deemed unauthorized by staff. If they were deemed contraband, the shoes should not have been given to Sutton.

11.

Disposition: Dismissed in the interest of Justice, pursuant to Title 15 CCR Section 3315 (f)(7). See attached copy of Rule Violation Report dated March 3, 2015, and hearing dated attached dated March 27, 2015. (See copy of Rule Violation Report dated March 3, 2016, And Final copy of Disciplinary Hearing dated March 27, 2015. Ex-A.)

26.) Administrative Remedies are effectively unavailable as to the amount of damages Plaintiff is asking for. Thereby the filing of inmate grievance is moot.

27.) These defendants exceeded the temporally limited, minimal need for Plaintiff contesting the defendants reasoning for the confiscation of Plaintiff's orthotics shoes. The type of puntive actions by the defendants and their confederates has been squarely denouned by the Supreme Court, for it constitutes an "unnecessary and wanton infliction of pain... Without penalogical justification". Beating Plaintiff while he was already in restraints an unable to resist or protect himself from greater injury.

28.) Plaintiff is protected by the Eigth Amendment of the State and Federal Constitution to be free from cruel and unusual punishment, with the use-of-excessive-force in deliberate indifference

12.

to Plaintiff's serious medical needs.

29.) Plaintiff's serious medical needs and risk of harm by the named state actor's link together by their conduct an their acts perform is such established that personal involvement of their use-of-excessive-force.

30.) Defendants M. Miessner, N. Huzman, and their confederates has personal knowledge and a direct link connection to the violation of Plaintiff's right to be free from cruel and unusual punishment under the Eighth Amendment for the use-of-excessive-force, which violated Plaintiff right to safety and health.

31.) Due to the state actor's actions Plaintiff has been diagnose as a (DOW), under the (A.D.A.) American Disabilities Act. Plaintiff will have to be dependable on a wheelchair for the rest of Plaintiff's life.

## V Prayer for Relief

1.) All Defendants is being sued in their official Capacity and Individual Capacity.

2.) Plaintiff's prayer for Compensatory Damages, Punitive Damages, In the Amount of 10,000,000 Dollars from each Defendant as to each Cause of action proved.

13.

3.) Plaintiff's prayer for special Monetary Damages for Plaintiff's in the Amount of 10,000,000, Dollars for Plaintiff's life long dependence on the use-of- a wheelchair and extreme pain Plaintiff will suffer from the injurys for the rest of Plaintiff's life.

4.) Plaintiff's prayer that the Court prohibit the Defendants and their co-state actor's here at SATF/Corcoran State Prison an through out the State Department of Correction And Rehabilitation employees, successor interest all other persons in active concert in participation with them from Harrassing threating Punishing an Retaliation in anyway against Plaintiff during the pendency of this civil action.

5.) Plaintiff demands a trial by jury on all issues triable by jury.

6.) Plaintiff prayer to be awarded for all Court cost, fees, and/or expenses incurred as a result of prosecuting this civil action, Including attorney fees where permitted by law.

7.) Plaintiff prayer for all interest, permitted by law on the principal judgment if any, and all other interest allowed, consistent with the

14.

authorized rates of such interest computation.

8.) Plaintiff prayer for such other and further relief as the Court and/or trier of facts may deem just proper and equitable.

I declare under penalty of perjury that the foregoing is true and correct.

Executed: September 6, 2016

Respectfully Submitted

/s/ Karimi Sutton
Karimi Sutton
In Pro Per.

VERIFICATION

[C.C.P. §§ 446; 2015.5;
28 U.S.C. § 1746]

I, _Kacim/ Sutton_, declare under the penalty of perjury that: I am the _Plaintiff_ in the attached matter; I have read the foregoing documents and know the contents thereof; and the same is true of my own personal knowledge, or upon information and belief therein that they are true; that if called to testify as to the contents hereof I could do so competently as a sworn witness.

Executed this _6_ day of _September_, 20_16_, California State Prison/Corcoran No. 1, Corcoran, California 93212-3461.

[Signature] _Kacim Sutton_
Declarant

*********************************************************************

DECLARATION OF SERVICE BY MAIL
[C.C.P. §§ 1013(a); 2015.5; 28 U.S.C. § 1746]

I, _Kacim Sutton_, declare: That I am a resident of California State Prison/Corcoran, State of California; I am over the age of 18 years; I am/am not a party to the above entitled action; My address is P.O. Box 3461, Corcoran, California 93212-3461; I served the attached document[s] entitled:

_Civil action Complaint 42 U.S.C. section 1983_

on the persons/parties specified below by placing a true and duplicated copy of said documents into a sealed envelope with appropriate First Class Postage affixed thereto and prepaid, and placing said envelope[s] into the United States Mail in a deposit box provided at the California State Prison/Corcoran No. 1, Corcoran, California, addressed as follows:

_Office of the Clerk_
_United States District Court_
_Northern District of California_
_U.S. Courthouse, 450 Golden Gate Ave_
_San Francisco, Ca 94102-3483_

There is First Class mail delivery service by United States Mail at the places so addressed and/or regular communication by mail between the place of mailing and the addresses above. I declare under the penalty of perjury that the foregoing is true and correct and that I executed this service on; this _6_ day of _September_, 20_16_ at California State Prison/Corcoran No. 1, Corcoran, California 93212-3461.

[Signature] _Kacim Sutton_
Declarant