XAVIER BECERRA, State Bar No. 118517
Attorney General of California
PHILLIP L. ARTHUR, State Bar No. 238339
Supervising Deputy Attorney General
ERIK A. GUTIERREZ, State Bar No. 273837
Deputy Attorney General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 210-7340
 Fax: (916) 324-5203
 E-mail: Erik.Gutierrez@doj.ca.gov
*Attorneys for Defendants G. Giessner and N. Guzman*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **KARIMI SUTTON,**<br><br>Plaintiff,<br><br>v.<br><br>**G. GIESSNER, ET AL.,**<br><br>Defendants. | 2:16-cv-2369-KJM-EFB<br><br>**DEFENDANTS G. GIESSNER AND N. GUZMAN'S ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL** |

Defendants G. Giessner and N. Guzman (hereinafter Defendants) submit this answer to Plaintiff Corey Mitchell's Complaint, filed on September 23, 2016.

1. In response to the section of the Complaint entitled "I. Exhaustion of Administrative Remedies.," Defendants admit that administrative remedies were available to Plaintiff through an inmate grievance procedure at the institution. Defendants admit that Plaintiff's appeal to the third formal level of review was screened out due to Plaintiff's failure to timely file the third level appeal. As to the remaining allegations in this section, Defendants are without sufficient knowledge or information to form a belief as to their truth, but to the extent the allegations are not admitted, Defendants deny them.

2. In response to the section of the Complaint entitled, "II. Parties.," Defendants admit that Plaintiff is an inmate, whose identification number is J-71244. Under subsection "B." the Complaint incorporates by reference pages two through four of the attachment to the Complaint. Defendants incorporate their response to pages two through four of the attachment to the Complaint by reference herein the paragraphs below. As to the remaining allegations in this section, Defendants are without sufficient knowledge or information to form a belief as to their truth, but to the extent the allegations are not admitted, Defendants deny them.

3. In response to the section of the Complaint entitled, "III. Statement of Claim.," the Complaint incorporates by reference pages four through thirteen of the attachment to the Complaint. Defendants incorporate their response to pages four through thirteen of the attachment to the Complaint by reference herein the paragraphs below.

4. In response to the section of the Complaint entitled, "IV. Relief.," the Complaint incorporates by reference pages thirteen through fifteen of the attachment to the Complaint. Defendants incorporate their response to page thirteen through fifteen of the attachment to the Complaint by reference herein the paragraphs below.

5. In response to paragraph one of the attachment to the Complaint, under the heading "I Introduction," Defendants deny that they: (1) violated Plaintiff's Eighth Amendment rights against cruel and unusual punishment; (2) used excessive force on Plaintiff; and (3) were deliberately indifferent to any serious medical needs or a substantial risk of serious harm to Plaintiff's health and safety. Defendants admit that: (1) Plaintiff is a state prisoner; and (2) Defendants acted under color of state law at all times herein mentioned. As to the remaining allegations in this section, Defendants are without sufficient knowledge or information to form a belief as to their truth, but to the extent the allegations are not admitted, Defendants deny them.

6. In response to paragraph two, page 5, of the attachment to the Complaint, under the heading "II Jurisdiction," Defendants admit that this court has jurisdiction of this matter and that venue is proper. As to the remaining allegations in this section, Defendants are without sufficient knowledge or information to form a belief as to their truth, but to the extent the allegations are not admitted, Defendants deny them.

7. In response to paragraph three, page six, of the attachment to the Complaint, under the heading "III Parties," Defendants admit that Plaintiff: (1) is a state prisoner in the custody of California Department of Corrections and Rehabilitation; (2) is currently incarcerated at California Substance Abuse and Treatment Facility (SATF) in Corcoran, California; and (3) was incarcerated at High Desert State Prison (HDSP) during the times relevant to this action.

8. In response to paragraph four, page six, of the attachment to the Complaint under the heading "III Parties," Defendants admit that G. Giessner was a correctional officer at HDSP during the times mentioned in the Complaint and continues to be employed at HDSP. As to the remaining allegations in this section, Defendants are without sufficient knowledge or information to form a belief as to their truth, but to the extent the allegations are not admitted, Defendants deny them.

9. In response to paragraph five, page six, of the attachment to the Complaint, under the heading "III Parties," Defendants admit that N. Guzman was a correctional officer at HDSP during the times mentioned in the Complaint and continues to be employed as a Sergeant at HDSP. As to the remaining allegations in this section, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations, but to the extent the allegations are not admitted, Defendants deny them.

10. In response to paragraph six, page seven, of the attachment to the Complaint, erroneously numbered as paragraph "5.," under the heading "III Parties," Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations, but to the extent the allegations are not admitted, Defendants deny them.

11. In response to paragraph seven of the attachment to the Complaint, erroneously numbered as paragraph "6.," under the heading "III Parties," Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations, but to the extent the allegations are not admitted, Defendants deny them.

12. In response to paragraph eight, page seven, of the attachment to the Complaint, erroneously numbered as paragraph "7.," under the heading "III Parties," Defendants are without

sufficient knowledge or information to form a belief as to the truth of the allegations, but to the extent the allegations are not admitted, Defendants deny them.

13. In response to paragraph nine, page eight, of the attachment to the Complaint, erroneously numbered as paragraph "8.," under the heading "III Parties," Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations, but to the extent the allegations are not admitted, Defendants deny them.

14. In response to paragraph ten, page eight through nine, of the attachment to the Complaint, erroneously numbered as paragraph "9.," under the heading "IV Statement of Claim," Defendants admit: (1) Defendant G. Giessner spoke to Plaintiff on March 3, 2015 and informed Plaintiff that he would need to replace a pair of Nike Air Jordan shoes with State-issued boots because he did not have a medical chrono for the Nike Air Jordan shoes; and (2) Plaintiff alleged that he had a medical chrono for the Nike Air Jordan shoes. Defendants deny that three more correctional officers and a correctional sergeant joined the discussion between Plaintiff and Defendant G. Guzman before Plaintiff was placed in handcuffs. As to the remaining allegations in this section, Defendants are without sufficient knowledge or information to form a belief as to their truth, but to the extent the allegations are not admitted, Defendants deny them.

15. In response to paragraph eleven, page nine, of the attachment to the Complaint, erroneously numbered as paragraph "10.," under the heading "IV Statement of Claim," Defendants admit that: (1) Plaintiff refused to relinquish or remove the Nike Air Jordan shoes; (2) Defendant G. Giessner handcuffed Plaintiff; and (3) Defendants G. Giessner and N. Guzman escorted Plaintiff to the Facility D Program Office. Defendants deny that all the Defendants told Plaintiff he would have to wrap both of his legs around the front end of the chair. As to the remaining allegations in this section, Defendants are without sufficient knowledge or information to form a belief as to their truth, but to the extent the allegations are not admitted, Defendants deny them.

16. In response to paragraph twelve, pages nine through ten, of the attachment to the Complaint, erroneously numbered as paragraph "11.," under the heading "IV Statement of Claim," Defendants deny that they forced Plaintiff to wrap his legs around a chair. As to the

remaining allegations in this section, Defendants are without sufficient knowledge or information to form a belief as to their truth, but to the extent the allegations are not admitted, Defendants deny them.

17. In response to paragraph thirteen, page ten, of the attachment to the Complaint, erroneously numbered as paragraph "12.," under the heading "IV Statement of Claim," Defendants admit that they did not stop and refer to the medical department. As to the remaining allegations in this section, Defendants are without sufficient knowledge or information to form a belief as to their truth, but to the extent the allegations are not admitted, Defendants deny them.

18. In response to paragraph fourteen, page ten, of the attachment to the Complaint, erroneously numbered as paragraph "13.," under the heading "IV Statement of Claim," Defendants admit that they did not escort Plaintiff to the medical department. Defendants deny that they simultaneously grabbed and bended Plaintiff's left leg in an attempt to remove the Nike Air Jordan shoes. As to the remaining allegations in this section, Defendants are without sufficient knowledge or information to form a belief as to their truth, but to the extent the allegations are not admitted, Defendants deny them.

19. In response to paragraph fifteen, pages ten through eleven, of the attachment to the Complaint, erroneously numbered as paragraph "14.," under the heading "IV Statement of Claim," Defendants deny that: (1) Defendant N. Guzman flipped Plaintiff forward over the back of a chair; (2) Defendants G. Giessner and N. Guzman bended Plaintiff's leg back and persisted, in spite of Plaintiff's plea to stop bending the leg; (3) Defendants used excessive force; and (4) Defendants were deliberately indifferent to Plaintiff's serious medical needs. As to the remaining allegations in this section, Defendants are without sufficient knowledge or information to form a belief as to their truth, but to the extent the allegations are not admitted, Defendants deny them.

20. In response to paragraph sixteen, page eleven, of the attachment to the Complaint, erroneously numbered as paragraph "15.," under the heading "IV Statement of Claim," Defendants deny they used excessive force. As to the remaining allegations in this section,

1  Defendants are without sufficient knowledge or information to form a belief as to their truth, but
2  to the extent the allegations are not admitted, Defendants deny them.
3     21. In response to paragraph seventeen, page eleven, of the attachment to the Complaint,
4  erroneously numbered as paragraph "16.," under the heading "IV Statement of Claim,"
5  Defendants deny that they: (1) violated Plaintiff's Eighth Amendment rights; (2) were aware of a
6  serious risk to Plaintiff's health and safety; and (3) used excessive force on Plaintiff. As to the
7  remaining allegations in this section, Defendants are without sufficient knowledge or information
8  to form a belief as to their truth, but to the extent the allegations are not admitted, Defendants
9  deny them.
10    22. In response to paragraph eighteen, page eleven, of the attachment to the Complaint,
11 erroneously numbered as paragraph "17.," under the heading "IV Statement of Claim,"
12 Defendants deny that they violated Plaintiff's Eighth Amendment rights to be free from cruel and
13 unusual punishment.
14    23. In response to paragraph nineteen, page twelve, of the attachment to the Complaint,
15 erroneously numbered as paragraph "18.," under the heading "IV Statement of Claim,"
16 Defendants deny that they: (1) used force on Plaintiff while he was subdued; (2) attacked Plaintiff
17 under non-exigent circumstances, or at all; (3) made a decision not to return Plaintiff to his
18 housing unit after he returned from an outside hospital; (4) took Plaintiff out of the transportation
19 van; (5) put Plaintiff on the facility patio and took away Plaintiff's wheelchair; and (6) left
20 Plaintiff on the facility patio, without a wheelchair, wearing nothing but his boxer briefs. As to
21 the remaining allegations in this section, Defendants are without sufficient knowledge or
22 information to form a belief as to their truth, but to the extent the allegations are not admitted,
23 Defendants deny them.
24    24. In response to paragraph twenty, page twelve, of the attachment to the Complaint,
25 erroneously numbered as paragraph "19.," under the heading "IV Statement of Claim,"
26 Defendants deny that they: (1) told Plaintiff he would need to walk back to his housing unit; and
27 (2) told Plaintiff, "[w]hen you get tried (sic) of setting (sic) there you will get up and walk back to
28 your housing unit." As to the remaining allegations in this section, Defendants are without

sufficient knowledge or information to form a belief as to their truth, but to the extent the allegations are not admitted, Defendants deny them.

25. In response to paragraph twenty-one, page thirteen, of the attachment to the Complaint, erroneously numbered as paragraph "20.," under the heading "IV Statement of Claim," Defendants deny that they: (1) were present when Plaintiff was allegedly on the patio, without a wheelchair, in boxer briefs; (2) refused Plaintiff's request to ask his cellmate for assistance with ambulation; and (3) took Plaintiff's cane, leg brace or alleged special orthotic shoes. As to the remaining allegations in this section, Defendants are without sufficient knowledge or information to form a belief as to their truth, but to the extent the allegations are not admitted, Defendants deny them.

26. In response to paragraph twenty-two, page thirteen of the attachment to the Complaint, erroneously numbered as paragraph "21.," under the heading "IV Statement of Claim," Defendants deny that they: (1) were deliberately indifferent to Plaintiff's serious medical needs; and (2) "took equal measure to inflicted (sic) unnecessary and wanton pain and suffering upon Plaintiff." As to the remaining allegations in this section, Defendants are without sufficient knowledge or information to form a belief as to their truth, but to the extent the allegations are not admitted, Defendants deny them.

27. In response to paragraph twenty-three, pages thirteen through fourteen, of the attachment to the Complaint, erroneously numbered as paragraph "22.," under the heading "IV Statement of Claim," Defendants deny that they: (1) took away Plaintiff's cane, alleged orthotic shoes, or wheelchair; (2) used excessive force against Plaintiff; (3) left Plaintiff on the patio in his boxer briefs with nowhere to sit; and (4) acted maliciously and sadistically for the purpose of causing Plaintiff serious harm. As to the remaining allegations in this section, Defendants are without sufficient knowledge or information to form a belief as to their truth, but to the extent the allegations are not admitted, Defendants deny them.

28. In response to paragraph twenty-four, page fourteen, of the attachment to the Complaint, erroneously numbered as paragraph "23.," under the heading "IV Statement of Claim," Defendants deny that they went to the medical clinic and interfered with Plaintiff's

attempt to receive medical treatment. As to the remaining allegations in this section, Defendants are without sufficient knowledge or information to form a belief as to their truth, but to the extent the allegations are not admitted, Defendants deny them.

29. In response to paragraph twenty-five, pages fourteen through fifteen, of the attachment to the Complaint, erroneously numbered as paragraph "24.," under the heading "IV Statement of Claim," Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations, but to the extent the allegations are not admitted, Defendants deny them.

30. In response to paragraph twenty-six, pages fifteen through sixteen, of the attachment to the Complaint, erroneously numbered as paragraph "25.," under the heading "IV Statement of Claim," Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations, but to the extent the allegations are not admitted, Defendants deny them.

31. In response to paragraph twenty-seven, page sixteen, of the attachment to the Complaint, erroneously numbered as paragraph "26.," under the heading "IV Statement of Claim," Defendants deny that: (1) "[a]dministrative remedies are effectively unavailable; and (2) the filing of an inmate grievance is moot. As to the remaining allegations in this section, Defendants are without sufficient knowledge or information to form a belief as to their truth, but to the extent the allegations are not admitted, Defendants deny them.

32. In response to paragraph twenty-eight, page sixteen, of the attachment to the Complaint, erroneously numbered as paragraph "27.," under the heading "IV Statement of Claim," Defendants deny that they used excessive force on Plaintiff. As to the remaining allegations in this section, Defendants are without sufficient knowledge or information to form a belief as to their truth, but to the extent the allegations are not admitted, Defendants deny them.

33. In response to paragraph twenty-nine, pages sixteen through seventeen, of the attachment to the Complaint, erroneously numbered as paragraph "28.," under the heading "IV Statement of Claim," Defendants admit.

34. In response to paragraph thirty, page seventeen, of the attachment to the Complaint, erroneously numbered as paragraph "29.," under the heading "IV Statement of Claim,"

Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations, but to the extent the allegations are not admitted, Defendants deny them.

35. In response to paragraph thirty-one, page seventeen, of the attachment to the Complaint, erroneously numbered as paragraph "30.," under the heading "IV Statement of Claim," Defendants deny that they: (1) violated Plaintiff's Eighth Amendment rights against excessive force; (2) violated Plaintiff's Eighth Amendment rights against deliberate indifference to a serious medical need; (3) violated Plaintiff's "right to safety and health," if any such right exists. As to the remaining allegations in this section, Defendants are without sufficient knowledge or information to form a belief as to their truth, but to the extent the allegations are not admitted, Defendants deny them.

36. In response to paragraph thirty-two, page seventeen, of the attachment to the Complaint, erroneously numbered as paragraph "31.," under the heading "IV Statement of Claim," Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegation in this section, but to the extent the allegations are not admitted, Defendants deny them.

37. In response to paragraph thirty-three, page seventeen, of the attachment to the Complaint, erroneously numbered as paragraph "1.," under the heading "V Prayer For Relief," Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations, but to the extent the allegations are not admitted, Defendants deny them.

38. In response to paragraph thirty-four, page seventeen, of the attachment to the Complaint, erroneously numbered as paragraph "2.," under the heading "V Prayer For Relief," Defendants deny that Plaintiff is entitled to any relief whatsoever.

39. In response to paragraph thirty-five, page eighteen, of the attachment to the Complaint, erroneously numbered as paragraph "3.," under the heading "V Prayer For Relief," Defendants deny that Plaintiff is entitled to any relief whatsoever. As to the remaining allegations in this section, Defendants are without sufficient knowledge or information to form a belief as to their truth, but to the extent the allegations are not admitted, Defendants deny them.

40. In response to paragraph thirty-six, page eighteen, of the attachment to the Complaint, erroneously numbered as paragraph "4.," under the heading "V Prayer For Relief," Defendants deny that Plaintiff is entitled to any relief whatsoever. As to the remaining allegations in this section, Defendants are without sufficient knowledge or information to form a belief as to their truth, but to the extent the allegations are not admitted, Defendants deny them.

41. In response to paragraph thirty-seven, page eighteen, of the attachment to the Complaint, erroneously numbered as paragraph "5.," under the heading "V Prayer For Relief," Defendants are without sufficient knowledge or information to form a belief as to their truth, but to the extent the allegations are not admitted, Defendants deny them.

42. In response to paragraph thirty-eight, page eighteen, of the attachment to the Complaint, erroneously numbered as paragraph "6.," under the heading "V Prayer For Relief," Defendants deny that Plaintiff is entitled to any relief whatsoever. As to the remaining allegations in this section, Defendants are without sufficient knowledge or information to form a belief as to their truth, but to the extent the allegations are not admitted, Defendants deny them.

43. In response to paragraph thirty-nine, pages eighteen through nineteen, of the attachment to the Complaint, erroneously numbered as paragraph "7.," under the heading "V Prayer For Relief," Defendants deny that Plaintiff is entitled to any relief whatsoever. As to the remaining allegations in this section, Defendants are without sufficient knowledge or information to form a belief as to their truth, but to the extent the allegations are not admitted, Defendants deny them.

44. In response to paragraph forty, page nineteen, of the attachment to the Complaint, erroneously numbered as paragraph "8.," under the heading "V Prayer For Relief," Defendants deny that Plaintiff is entitled to any relief whatsoever. As to the remaining allegations in this section, Defendants are without sufficient knowledge or information to form a belief as to their truth, but to the extent the allegations are not admitted, Defendants deny them.

45. Defendants deny all allegations not expressly admitted.

///

///

# AFFIRMATIVE DEFENSES

### First Affirmative Defense

Defendants are immune from liability based on the doctrines of immunity and qualified immunity. Defendants allege that the facts alleged or shown by Plaintiff do not make out a violation of a constitutional right. Defendants allege that they did not violate clearly established law and reasonably believed that their conduct was lawful under then-established legal precedent. Defendants reasonably believed that Plaintiff did not have a medical chrono for his altered Nike Air Jordan shoes. Defendants did not know and had no reason to know that Plaintiff had a serious medical need, if any existed. To the extent that any force was used on Plaintiff, Defendants used only the amount of force necessary to gain compliance with a lawful order, affect custody, and overcome resistance. Defendants' actions were objectively reasonable. Defendant took reasonable steps to protect Plaintiff's serious medical need, if any existed.

### Second Affirmative Defense

To the extent that Plaintiff has previously litigated the issues raised in the Complaint, the Complaint and all causes of action are barred by the doctrines of res judicata or collateral estoppel.

### Third Affirmative Defense

Defendants allege that Plaintiff's damages, if any, were caused, in whole or part, by Plaintiff's own conduct, negligence, and/or acquiescence in the acts and omissions alleged in the Complaint. Therefore, Plaintiff is not entitled to damages or any other relief against Defendants.

### Fourth Affirmative Defense

Plaintiff's Complaint, and each purported cause of action, is barred by the Eleventh Amendment, to the extent Plaintiff seeks monetary damages against Defendants in their official capacity, or other relief barred by the Eleventh Amendment.

### Fifth Affirmative Defense

The Complaint and each cause of action are barred and this court is without jurisdiction as there has been a failure to exhaust administrative remedies as required by law. 42 U.S.C. § 1997e. The facts alleged in the Complaint are materially distinguishable from facts alleged in any

prior CDCR 602 appeal submitted by Plaintiff at any level, to the extent Plaintiff proceeded with any administrative remedy. CDCR staff lacked sufficient notice of the specific allegations raised in the Complaint.

### Sixth Affirmative Defense

Defendants allege Plaintiff's claims, if any, are barred for his failure to mitigate his damages, if any.

### Seventh Affirmative Defense

To the extent Plaintiff's damages claims are based on mental or emotional injury, they must be dismissed where there is no showing of physical injury as required by 42 U.S.C. § 1997e(e).

### Eighth Affirmative Defense

Defendants allege that if Plaintiff suffered or sustained any loss, damage or injury as alleged in the Complaint, such loss, damage or injury was proximately caused or contributed to by acts, or failures to act, of persons other than Defendants, or legally caused or contributed to by negligence or wrongful conduct of other parties, persons or entities, which was an intervening and superseding cause.

### Ninth Affirmative Defense

Defendants allege that Plaintiff is barred in whole or part from prosecuting the purported causes of action set forth in the Complaint by the doctrine of unclean hands.

### Tenth Affirmative Defense

To the extent discovery reveals that any actions or damages to Plaintiff were the result of Plaintiff's own acts and/or omissions, Defendants reserve the affirmative defense that Plaintiff waived any right which he may have had to recover, and/or is estopped from recovering, any relief sought against Defendants.

### Eleventh Affirmative Defense

Because the Complaint is couched in conclusory terms, Defendants cannot fully anticipate all affirmative defenses that may be applicable. Accordingly, Defendants reserve the right to assert additional affirmative defenses, if and to the extent, such defenses are applicable.

**DEMAND FOR JURY TRIAL**

Defendants demand under Federal Rule of Civil Procedure 38 that this matter be tried by and before a jury.

**PRAYER FOR RELIEF**

Accordingly, Defendants pray for judgment as follows:

1. Judgment be rendered in favor of Defendants and against Plaintiff;
2. Plaintiff take nothing by reason of this action;
3. Defendants be awarded costs of suit incurred; and
4. Defendants be awarded any other relief that the Court may deem necessary and proper.

Dated: March 29, 2019

Respectfully submitted,

XAVIER BECERRA
Attorney General of California
PHILLIP L. ARTHUR
Supervising Deputy Attorney General

*/s/ Erik A. Gutierrez*
ERIK A. GUTIERREZ
Deputy Attorney General
*Attorneys for Defendant G. Giessner and N. Guzman*

SA2019100656
13592665.docx

## CERTIFICATE OF SERVICE

Case Name:  *Sutton (J-71244) v. Giessner*        No.  **2:16-cv-02369 KJM EFB**

I hereby certify that on <u>March 29, 2019</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

- **DEFENDANTS G. GIESSNER AND N. GUZMAN'S ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL**

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

I further certify that some of the participants in the case are not registered CM/ECF users. On <u>March 29, 2019</u>, I have caused to be mailed in the Office of the Attorney General's internal mail system, the foregoing document(s) by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within three (3) calendar days to the following non-CM/ECF participants:

**Karimi Sutton, J-71244**
**California Substance Abuse Treatment Facility**
**& State Prison, Corcoran**
**P.O. Box 7100**
**Corcoran, CA 93212-7100**
*In Pro Per*

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on <u>March 29, 2019</u>, at Sacramento, California.

|  N. Copus  |  */s/ N. Copus*  |
|:---:|:---:|
| Declarant | Signature |

SA2019100656
13598295.docx