UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARIMI SUTTON, | No. 2:16-cv-2369-KJM-EFB P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| G. GEISSNER, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding without counsel[1] in an action brought under 42 U.S.C. § 1983. Currently pending is defendants' motion for summary judgment wherein they argue that plaintiff failed to exhaust his administrative remedies before filing this suit. ECF No. 28. Plaintiff has filed an opposition thereto (ECF No. 37) and defendants have filed a reply (ECF No. 38).

After review of the pleadings and, for the reasons discussed below, the court concludes that defendants' motion should be granted.

/////

/////

---

[1] Plaintiff was, for a time, represented by attorney Marc Grossman. Mr. Grossman was granted leave to withdraw on January 14, 2020. ECF No. 35. Plaintiff has been proceeding pro se since that time.

1

Legal Standards

A.  Summary Judgment

Summary judgment is appropriate when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment avoids unnecessary trials in cases in which the parties do not dispute the facts relevant to the determination of the issues in the case, or in which there is insufficient evidence for a jury to determine those facts in favor of the nonmovant. *Crawford-El v. Britton*, 523 U.S. 574, 600 (1998); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-50 (1986); *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471-72 (9th Cir. 1994). At bottom, a summary judgment motion asks whether the evidence presents a sufficient disagreement to require submission to a jury.

The principal purpose of Rule 56 is to isolate and dispose of factually unsupported claims or defenses. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). Thus, the rule functions to "'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" *Matsushita Elec. Indus. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments). Procedurally, under summary judgment practice, the moving party bears the initial responsibility of presenting the basis for its motion and identifying those portions of the record, together with affidavits, if any, that it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323; *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc). If the moving party meets its burden with a properly supported motion, the burden then shifts to the opposing party to present specific facts that show there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *Anderson*, 477 U.S. at 248; *Auvil v. CBS "60 Minutes"*, 67 F.3d 816, 819 (9th Cir. 1995).

A clear focus on where the burden of proof lies as to the factual issue in question is crucial to summary judgment procedures. Depending on which party bears that burden, the party seeking summary judgment does not necessarily need to submit any evidence of its own. When the opposing party would have the burden of proof on a dispositive issue at trial, the moving party need not produce evidence which negates the opponent's claim. *See, e.g., Lujan v. National*

*Wildlife Fed'n*, 497 U.S. 871, 885 (1990).  Rather, the moving party need only point to matters which demonstrate the absence of a genuine material factual issue.  *See Celotex*, 477 U.S. at 323-24 ("[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'").  Summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.  *See id.* at 322.  In such a circumstance, summary judgment must be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied."  *Id.* at 323.

To defeat summary judgment the opposing party must establish a genuine dispute as to a material issue of fact.  This entails two requirements.  First, the dispute must be over a fact(s) that is material, i.e., one that makes a difference in the outcome of the case.  *Anderson*, 477 U.S. at 248 ("Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.").  Whether a factual dispute is material is determined by the substantive law applicable for the claim in question.  *Id.*  If the opposing party is unable to produce evidence sufficient to establish a required element of its claim that party fails in opposing summary judgment.  "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."  *Celotex*, 477 U.S. at 322.

Second, the dispute must be genuine.  In determining whether a factual dispute is genuine the court must again focus on which party bears the burden of proof on the factual issue in question.  Where the party opposing summary judgment would bear the burden of proof at trial on the factual issue in dispute, that party must produce evidence sufficient to support its factual claim.  Conclusory allegations, unsupported by evidence are insufficient to defeat the motion.  *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  Rather, the opposing party must, by affidavit or as otherwise provided by Rule 56, designate specific facts that show there is a genuine issue

3

for trial. *Anderson*, 477 U.S. at 249; *Devereaux*, 263 F.3d at 1076. More significantly, to demonstrate a genuine factual dispute the evidence relied on by the opposing party must be such that a fair-minded jury "could return a verdict for [him] on the evidence presented." *Anderson*, 477 U.S. at 248, 252. Absent any such evidence there simply is no reason for trial.

The court does not determine witness credibility. It believes the opposing party's evidence, and draws inferences most favorably for the opposing party. *See id.* at 249, 255; *Matsushita*, 475 U.S. at 587. Inferences, however, are not drawn out of "thin air," and the proponent must adduce evidence of a factual predicate from which to draw inferences. *American Int'l Group, Inc. v. American Int'l Bank*, 926 F.2d 829, 836 (9th Cir. 1991) (Kozinski, J., dissenting) (citing *Celotex*, 477 U.S. at 322). If reasonable minds could differ on material facts at issue, summary judgment is inappropriate. *See Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995). On the other hand, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 587 (citation omitted). In that case, the court must grant summary judgment.

B.     Administrative Exhaustion

The Prison Litigation Reform Act of 1995 (hereafter "PLRA") states that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The PLRA applies to all suits about prison life, *Porter v. Nussle*, 534 U.S. 516, 532 (2002), but a prisoner is only required to exhaust those remedies which are "available." *See Booth v. Churner*, 532 U.S. 731, 736 (2001). "To be available, a remedy must be available as a practical matter; it must be capable of use; at hand." *Albino v. Baca*, 747 F.3d 1162, 1171 (9th Cir. 2014) (citing *Brown v. Valoff*, 422 F.3d 926, 937 (9th Cir. 2005)) (internal quotations omitted).

Dismissal for failure to exhaust should generally be brought and determined by way of a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. *Id.* at

1168. Under this rubric, the defendant bears the burden of demonstrating that administrative remedies were available and that the plaintiff did not exhaust those remedies. *Id.* at 1172. If defendant carries this burden, then plaintiff must "come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Id.* If, however, "a failure to exhaust is clear on the face of the complaint, a defendant may move for dismissal under Rule 12(b)(6)." *Id.* at 1166.

Analysis

Plaintiff alleges that defendants Geissner and Guzman used excessive force against him when they attempted to confiscate his shoes and, in the aftermath of that use of force, were deliberately indifferent to his serious medical needs. ECF No. 1 at 8-17. Defendants have offered the declaration of D. Espinoza, appeals coordinator for High Desert State Prison (where this incident is alleged to have occurred), in conjunction with their motion. Espinoza states that, during the time period relevant to this – March 3, 2015 (when the incident is alleged to have occurred) to September 23, 2016 (when plaintiff initiated this suit) – plaintiff filed five inmate grievances. ECF No. 28-4 at 4. These are:

- HDSP-D-15-00880 – screened out on initial review and not resubmitted for second level review
- HDSP-D-15-00881 – granted in part on initial review and not resubmitted for second level review
- HDSP-D-15-00882- granted in part on initial review and not resubmitted for second level review
- HDSP-D-15-01267 – bypassed first level review and granted in part at second level review
- HDSP-D-15-01404 – screened out twice as duplicative of HDSP-D-15-01267 and not resubmitted thereafter.

*Id*. at 4-5.

Additionally, defendants have submitted the declaration of J. Spaich, Acting Chief of the Office of Appeals, who states that plaintiff submitted two third level grievances against the

5

1 current defendants: HDSP-14-03674 and HDSP-15-01267. ECF No. 28-5 at 3. Both were

2 rejected on procedural grounds.[2] *Id.* at 3-4, ¶¶10-11.

3       Of the foregoing grievances, defendants state that HDSP-D-15-00880, HDSP-D-15-

4 00881, HDSP-D-15-00882, HDSP-D-15-01267, and HDSP-D-15-01404 contain allegations

5 relevant to this suit. A review of those documents (attached as exhibits to the declarations of

6 Espinoza and Spaich) appears to confirm that claim.[3] Of those grievances, two were screened out

7 and not accepted for review - HDSP-D-15-00880 and HDSP-D-15-01404 – and thus do not

8 exhaust plaintiff's claims. The remaining three - HDSP-D-15-00881, HDSP-D-15-00882, and

9 HDSP-D-15-01267 – were each granted in part.

10       In HDSP-D-15-00881 it was found that defendants had acted appropriately during the

11 relevant use of force, but plaintiff's appeal was granted to the extent that: (1) his request to have

12 all of his "ADA appliances returned to [him]" was granted and (2) plaintiff's request to be free

13 from retaliatory actions and reprisals due to his disability was granted.[4] ECF No. 28-4 at 13. The

14 decision advised plaintiff that, if he was dissatisfied, he could appeal to the second level by

15 following the directions on the back of his CDCR-602 form. *Id.* Per the declaration of Espinoza,

16 plaintiff did not elect to do so.

17       In HDSP-D-15-00882, plaintiff received a first level response which indicated that a

18 review of the allegations against defendants had been completed and forwarded for further

19 administrative review. *Id.* at 23. The grievance was granted to the extent that: (1) the appeal

20 inquiry was completed; and (2) plaintiff's request to be free from retaliatory actions and reprisals

21 due to his disability was granted. *Id.* at 23-24. The first level response advised plaintiff that

---

[2] HDSP-14-03674 was rejected three times. First for missing necessary supporting documents, then because it contained unrelated documents, and finally because the issue under appeal had been resolved at a previous level. ECF No. 28-4 at 3-4. By contrast, HDSP-15-01267 was rejected only once as untimely. *Id.* at 4.

[3] A review of the documentation relevant to HDSP-14-03674 finds no mention of defendants of the excessive force incident. ECF No. 28-5 at 9-47.

[4] To be clear, the reviewing official also found that "there was no evidence to suggest that [plaintiff was] subject to any retaliatory actions, reprisals or discrimination." ECF No. 28-4 at 13.

proper exhaustion would require him to appeal this decision forward to the second and, potentially, third level of review. *Id.* at 24. Per the declaration of Espinoza, plaintiff failed to appeal this grievance to the second level of review.

Finally, grievance HDSP-D-15-01267 was granted in part[5] at the second level of review to the extent that an investigation of plaintiff's allegations against defendants would be opened by internal affairs. *Id.* at 34. It afforded plaintiff no other relief and advised him that, if he wished to appeal, he should submit his appeal up to the third level of review. *Id.* Subsequently, plaintiff was advised via a "memorandum" that his allegations had been evaluated, an unspecified violation of CDCR policy was determined to have occurred, and that California law precluded dissemination of any further information regarding the investigation. *Id.* at 54. Plaintiff was advised that the response did not limit or restrict the availability of further relief via the inmate appeals process. *Id.* It also advised that "[w]ith the rendering of a decision at the Third Level of Review your administrative remedies will be considered exhausted." *Id.* Plaintiff submitted HDSP-D-15-01267 for third level review, but it was rejected as untimely. ECF No. 28-5 at 49. Plaintiff was advised he could separately appeal that rejection/cancellation. *Id.* There is no record of plaintiff filing a separate appeal.

In his opposition, plaintiff advances three arguments. First, he contends that he was never served with the motion. That contention is belied by the declaration attached to defendants' reply which indicates that: (1) a copy of the motion was served on plaintiff's counsel on November 1, 2019 when it was filed on the court's electronic filing system (at which time plaintiff was still represented by counsel); and (2) a copy of the motion was served on plaintiff personally on February 20, 2020. It was, as defendants point out, plaintiff's responsibility to request the papers from his counsel – either during the time he was still represented or during the month that elapsed between counsel being relieved and plaintiff submitting his opposition. *See* ECF Nos. 35 & 37.

/////

---

[5] Plaintiff had requested monetary compensation, an investigation into defendants that resulted in their discipline, and for CDCR to ensure he would not suffer discrimination due to disability or be physically attacked. ECF No. 28-4 at 33.

1  And there can be no doubt that plaintiff was aware that a motion for summary judgment had been
2  filed. On December 12, 2019, he filed a motion for extension of time to respond to defendants'
3  motion for summary judgment. ECF No. 31. That motion was filed pro se while plaintiff was
4  still represented by counsel and, consequently, the clerk was directed to disregard that filing.
5  ECF No. 33. Nevertheless, it demonstrates that plaintiff had actual notice and adequate time to
6  request a copy of defendants' motion from his then-counsel. In any event, the thrust of
7  defendants' motion was a simple one and obviously clear to plaintiff from his opposition: that he
8  did not exhaust his administrative remedies prior to filing this suit. That plaintiff understood the
9  basis for the motion is demonstrated by his arguments, discussed below, that he did exhaust
10 administrative remedies. Thus, the court concludes that offering plaintiff additional time to
11 submit an amended opposition would not be useful.

12  Second, plaintiff argues that he did, in fact, exhaust. By way of evidence he points to
13 responses he received to HDSP-D-15-01267. As noted *supra*, plaintiff received a second level
14 response that partially granted this grievance and a memorandum advising him of the broad
15 conclusions of the investigation into his allegations against defendants. Both documents are
16 attached to plaintiff's opposition. ECF No. 37 at 24-26. He claims that these responses
17 exhausted his "available" administrative remedies insofar as it was thereafter obvious that "the
18 appeals coordinator would not honor the first." *Id.* at 3. But, as defendants point out, both
19 responses to HDSP-D-15-01267 advised plaintiff that Third Level Review remained available and
20 would be required to fully exhaust. *See id.* at 25 ("If you wish to appeal the decision, you should
21 submit your staff complaint appeal through all levels of appeal review up to, and including, the
22 Secretary's Level of Review. Once a decision has been rendered at the Third Level, your
23 administrative remedies will be considered exhausted."); *see also id.* at 26 ("This response does
24 not limit or restrict the availability of further relief via the inmate appeals process. . . . With the
25 rendering of a decision at the Third Level of Review your administrative remedies will be
26 considered exhausted."). And plaintiff evidently understood these admonitions insofar as he
27 attempted to exhaust at the third level, but failed to comply with the procedural requirements for
28 timely doing so. ECF No. 28-5 at 49. The court emphasizes that it is the prison's requirements

that outline the boundaries for proper exhaustion. *See Jones v. Bock*, 549 U.S. 199, 218 (2007) ("[T]o properly exhaust administrative remedies prisoners 'must complete the administrative review process in accordance with the applicable procedural rules,' [ ] - rules that are defined not by the PLRA, but by the prison grievance process itself.").

Finally, plaintiff appears to offer a cursory argument that it was impossible for him to exhaust his claims. But he offers no evidence that he was thwarted from complying with the applicable requirements of the prison grievance procedure. Thus, the court cannot conclude that the grievance procedure was unavailable to him.

<u>Conclusion</u>

For the foregoing reasons, IT IS HEREBY RECOMMENDED that defendants' motion for summary judgment (ECF No. 28) be GRANTED and plaintiff's claim against them be DISMISSED without prejudice for failure to exhaust administrative remedies.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: May 13, 2020.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE